UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

NORTH AMERICAN INDUSTRIES, INC.

           Plaintiff

v.

CALIBER ONE INDEMNITY COMPANY,
           Defendant

Civil Action No. 05-10333 MLW

## DEFENDANT, CALIBER ONE INDEMNITY COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT

The Defendant, Caliber One Indemnity Company (Caliber One), by its attorneys, responds to the Plaintiff, North American Industries, Inc.'s Complaint as follows:

1. The Defendant, Caliber One, lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore calls upon the Plaintiff to prove same.

### JURISDICTION AND VENUE

2. The statement contained in Paragraph 2 of Plaintiff's Complaint regarding the laws under which this action arises and regarding the Court's jurisdiction constitutes conclusions of law as to which no response is required. To the extent that these statements constitute allegations of fact, the Defendant, Caliber One, denies them.

3. The statement contained in Paragraph 3 of Plaintiff's Complaint regarding the laws under which this action arises and regarding the Court's jurisdiction constitutes conclusions of law as to which no response is required. To the extent that these statements constitute allegations of fact, the Defendant, Caliber One, denies them.

4. The Defendant, Caliber One, denies the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. The Defendant, Caliber One, admits the allegations contained in Paragraph 4 of Plaintiff's Complaint.

6. The Defendant, Caliber One, lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 6 of Plaintiff's Complaint and therefore calls upon the Plaintiff to prove same.

7. The Defendant, Caliber One, admits so much of the allegations contained in Paragraph 7 of Plaintiff's Complaint that state the retroactive date is August 5, 1998 and that the policy in question provided certain professional liability coverage subject to its terms and conditions, which speak for themselves. The Defendant, Caliber One, denies the remainder of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. The Defendant, Caliber One, lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore calls upon the Plaintiff to prove same.

9. The Defendant, Caliber One, lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore calls upon the Plaintiff to prove same.

10. The Defendant, Caliber One, lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint and further states that the document speaks for itself.

11. The Defendant, Caliber One, lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore calls upon the Plaintiff to prove same.

12. The Defendant, Caliber One, lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore calls upon the Plaintiff to prove same.

13. The Defendant, Caliber One, lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint and therefore calls upon the Plaintiff to prove same.

14. The Defendant, Caliber One, lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore calls upon the Plaintiff to prove same.

15. The Defendant, Caliber One, denies the allegations contained in Paragraph 15 of Plaintiff's Complaint and further states that there was some correspondence received by Caliber One from North American Industries, Inc. and said correspondence speaks for itself.

16. The Defendant, Caliber One, denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. The Defendant, Caliber One, denies the allegations contained in Paragraph 17 of Plaintiff's Complaint and further states that NAI requested that the Defendant, Caliber One, provide a defense and indemnify the Plaintiff, but such request was not "in accordance with the Policy" as alleged.

18. The Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. The Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20. The Defendant, Caliber One, lacks sufficient information upon which to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore calls upon the Plaintiff to prove same.

WHEREFORE, the Defendant, Caliber One, requests that this Court declare no defense or indemnity obligations attached to the underlying civil action and award reasonable attorney's fees and costs in connection with this action.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Defendant states that to the extent that the Defendant had any obligation to the Plaintiff, such obligations have been fully, completely and properly performed in every respect.

### THIRD DEFENSE

The Defendant denies each and every material allegation of the Complaint except as specifically admitted.

### FOURTH DEFENSE

The Defendant denies that the Plaintiff is entitled to the damages claimed or to the relief demanded.

## FIFTH DEFENSE

The Defendant denies the Plaintiff is entitled to relief and states that the Plaintiff is barred from any relief by estoppel, waiver or laches.

## SIXTH DEFENSE

This Defendant states the Plaintiff has failed to join a party or parties under Rule 19 of the Fed. R. Civ. P. necessary for a just adjudication of this matter and has further omitted to state any reasons for such failure.

## SEVENTH DEFENSE

The Defendant has acted in good faith at all times.

## EIGHTH DEFENSE

The Plaintiff's complaint is barred by the equitable doctrines of waiver, estoppel, laches and unclean hands.

## NINTH DEFENSE

The Plaintiff's action is barred by the statute of limitations.

## TENTH DEFENSE

By way of affirmative defense, the Defendant states that this Court lacks jurisdiction over its person in this case.

## ELEVENFTH DEFENSE

By way of affirmative defense, the Defendant states that the Plaintiff's Complaint must fail for improper venue.

## TWELFTH DEFENSE

By way of affirmative defense, the Defendant states that there is no actual case or justifiable controversy between the Defendant and the Plaintiff.

### THIRTEENTH DEFENSE

The Complaint should be dismissed because the Plaintiff misrepresented a statement of material fact.

### FOURTEENTH DEFENSE

The Defendant states that the Plaintiff willingly, knowingly and voluntarily assumed the risk inherent in the sale of the cranes.

### FIFTEENTH DEFENSE

The Defendant states that any claim that the Plaintiff may have based upon breaches of contractual obligations (allegations which the Defendant specifically denies), are barred because the Plaintiff was the cause of such breaches.

### SIXTEENTH DEFENSE

The Plaintiff's Complaint must fail because of an accord and satisfaction.

### SEVENTEENTH DEFENSE

Any coverage for the underlying claim which is brought against the Plaintiff is barred, in whole or in part, by the provisions, terms, exclusions, conditions and limitations which are contained and incorporated by Caliber One's Policy No. GPC0001005-03. Moreover, the underlying claims do not seek relief for liability arising out of the provision of professional services within the meaning of the Caliber One policy, do not seek recovery for property damage within the meaning of the policy, do not arise out of occurrences within the meaning of the policy, and are specifically excluded from coverage in any event by a number of specific exclusions.

## EIGHTEENTH DEFENSE

The underlying claims at issue may be subject to other insurance clauses contained in policies of insurance available to the Plaintiff and, therefore, Plaintiff may not be entitled to complete coverage under the terms of the Caliber One Policy.

## NINETEENTH DEFENSE

To the extent an occurrence is covered by other insurance, such insurance may be obligated to defend and indemnify the Plaintiff from any and all alleged claims.

## TWENTIETH DEFENSE

Any duty of Caliber One under Policy No. GPC0001005-03 to defend, reimburse or indemnify with respect to any claim or action is subject to self-insured retention contained in such policies. Specifically, any duty of Caliber One under Caliber One Policy No. GPC0001005-03 to defend, reimburse or indemnify the Plaintiff is subject to the retained limits of $100,000 which includes defense obligation.

## TWENTY-FIRST DEFENSE

By way of affirmative defense, the Defendant states that Caliber One Policy No. GPC0001005-03 does not provide coverage for costs which have not been incurred.

## TWENTY-SECOND DEFENSE

To the extent that Plaintiff has voluntarily assumed payment or obligation or incurred expense without notice to Caliber One and has not received Caliber One's approval, the Plaintiff has breached the terms and conditions of the subject policy and consequently, Caliber One has no obligation to the Plaintiff for any such payment, obligation or expense.

## TWENTY-THIRD DEFENSE

There is no actual case or justifiable controversy between Defendant and Plaintiff.

### TWENTY-FOURTH DEFENSE

Plaintiff is not entitled to coverage under Caliber One's Policy No. GPC0001005-03 to the extent that the claims for which coverage is sought do not seek relief in the form of "damages" within the meaning of the Caliber One Policy.

### TWENTY-FIFTH DEFENSE

To the extent Plaintiff's acts or failure to act gave rise to the injuries alleged in the underlying complaint and were in violation of law and/or public policy, Plaintiff is not entitled to coverage under the Defendant's policy.

### TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that any claim by Plaintiff seeks coverage for fines, penalties or restitution because the Caliber One Policy does not provide insurance for such relief.

### TWENTY-SEVENTH DEFENSE

Plaintiff is not entitled to coverage under Policy No. GPC0001005-03 for any claims for equitable or injunctive relief because such relief does not constitute "bodily injury" or "property damage" as those terms are defined in the policy.

### TWENTY-EIGHTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, because the Defendant's policy does not provide insurance for claims seeking economic damages.

### TWENTY-NINTH DEFENSE

The Plaintiff's claims are barred, in whole or in part, to the extent that any of the claims alleged arise from liability assume by DeFelice pursuant to a contract or agreement as the

Caliber One policy specifically excludes coverage for liability assumed by DeFelice under any contract or agreement.

### THIRTIETH DEFENSE

As a matter of law, the good faith coverage position taken by Caliber One in this case is not "unfair or deceptive" and accordingly, no claim under G.L. c. 93A, §11 will lie.

### THIRTY-FIRST DEFENSE

Plaintiff has not suffered a "loss of money or property" as a result of Caliber One's actions as Caliber One's duty to defend is inapplicable to the claims raised against Plaintiff or has not yet been triggered.

### THIRTY-SECOND DEFENSE

Plaintiff has not suffered a "loss of money or property" since no obligation to indemnify Plaintiff has been triggered.

WHEREFORE, the Defendant, Caliber One Indemnity Company prays that the claims asserted against it be dismissed, and for such other relief as this Court may deem just and appropriate.

### JURY DEMAND

The Defendant, Caliber One Indemnity Company, demands a trial by jury on all issues.

Respectfully submitted,
The Defendant,
Caliber One Indemnity Company,
By its Attorney,

*/s/ Richard B. Kirby*

Richard B. Kirby, BBO #273600
Keegan, Werlin & Pabian, LLP
265 Franklin Street
Boston, MA 02110
(617) 951-1400

### CERTIFICATE OF SERVICE

I, Richard B. Kirby, Attorney for the Defendant, Caliber One Indemnity Company, certify on this 21st day of March 2005, I forwarded a copy of the enclosed Defendant, Caliber One Indemnity Company's Answer to Plaintiff's Complaint via first class mail upon Michael Theodore, Esq., Cohn & Dussi, LLC, 25 Burlington Road, 6th Floor, Burlington, MA 01803 and Keith R. Ainsworth, Esq., Evans, Feldman & Boyer, LLC, 261 Bradley Street, P.O. Box 1694, New Haven, CT 06507.

*/s/ Richard B. Kirby*

Richard B. Kirby